**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | |
|---|---|
| **JAMES QUINN, JR.** ) | |
| ) | **Civil Action No.** |
| **Plaintiff,** ) | |
| **vs.** ) | |
| ) | |
| **ALLIED INTERSTATE, INC.** ) | |
| ) | |
| **Defendant.** ) | |

_____)

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

## I. INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA"), and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.* (hereafter the "UTPCPL"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (hereafter the "TCPA") and other state laws. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II. JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4.      Plaintiff James Quinn, Jr., is a natural person who resides at 46 Little Knoll Drive,

Hanover, PA 17331.

5.     Defendant Allied Interstate, Inc. is a business entity which has a principal place of business located at 3000 Corporate Exchange Drive, Columbus, OH 43231. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV.  FACTUAL ALLEGATIONS

6.     At all pertinent times hereto, Defendant was hired to collect a debt relating to consumer transactions that were allegedly originally owed by Keisha Keenan (hereafter the "debt").

7.     The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8.     Plaintiff does not owe and is not responsible to pay the debt.

9.     In or around early September, 2008, Plaintiff received an automated, prerecorded message from Defendant stating, in pertinent part, "this is Allied Interstate.  You have a debt that you must pay."  Plaintiff attempted to call Defendant but was placed on hold and was never able to speak to Defendant.

10.     Notwithstanding the above, in or around  mid to late September, 2008, Defendant began contacting Plaintiff at his place of residence by an automated, prerecorded message in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted, including but not limited to twice a day.

11.     Notwithstanding the above, on or about January 19, 2009, Defendant contacted Plaintiff at his place of residence by an automated, prerecorded message in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted,

including but not limited to at 8:30 A.M. and 6:00 P.M.

12.     Notwithstanding the above, on or about January 20, 2009, Defendant contacted Plaintiff at his place of residence by an automated, prerecorded message in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted, including but not limited at 8:45 A.M. and 7:30 P.M.

13.     Notwithstanding the above, on or about January 21, 2009, Defendant contacted Plaintiff at his place of residence by an automated, prerecorded message in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted, including but not limited at 8:35 A.M. and 6:00 P.M.

14.     Notwithstanding the above, on or about January 22, 2009, Defendant contacted Plaintiff at his place of residence by an automated, prerecorded message in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted, including but not limited at 8:45 A.M. and 8:00 P.M.

15.     Notwithstanding the above, on or about January 23, 2009, Defendant contacted Plaintiff at his place of residence by an automated, prerecorded message in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted, including but not limited at 10:00 A.M. and 5:45 P.M.

16.     Notwithstanding the above, Plaintiff contacted Defendant on or about the third week of January 2009.  Plaintiff provided Defendant with his telephone number and was told by Defendant that it did not have an account for him.  Plaintiff then asked Defendant to leave him alone and Defendant agreed stop calling him.

17.     Notwithstanding the above, on or about January 26, 2009, Defendant contacted Plaintiff at his place of residence by an automated, prerecorded message in an attempt to coerce

payment of the debt, with the intent to annoy, abuse, and harass such persons contacted, including but not limited at 12:38 P.M. and 5:45 P.M.

18.     Notwithstanding the above, on or about January 27, 2009, Defendant contacted Plaintiff at his place of residence by an automated, prerecorded message in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted, including but not limited at 12:53 P.M. and 8:45 P.M.

19.     Notwithstanding the above, on or about January 28, 2009, Defendant contacted Plaintiff at his place of residence by an automated, prerecorded message in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted, including but not limited at 12:44 P.M. and 3:34 P.M.

20.     Notwithstanding the above, on or about January 29, 2009, Defendant contacted Plaintiff at his place of residence by an automated, prerecorded message in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted, including but not limited at 12:53 P.M.

21.     Defendant acted in a false, deceptive, misleading and unfair manner by communicating with Plaintiff on numerous occasions concerning a debt that he did not owe.

22.     Defendant acted in a false, deceptive, misleading and unfair manner by communicating with Plaintiff, a non-debtor, for information other than location information.

23.     Defendant acted in a false, deceptive, misleading and unfair manner by misrepresenting the character, amount or legal status of the debt.

24.     Defendant acted in a false, deceptive, misleading and unfair manner by harassing, oppressing and abusing the Plaintiff including, but not limited to, repeatedly and continuously contacting the above person with the intent to annoy, abuse, and harass such person contacted.

4

25.     Defendant acted in a false, deceptive, misleading and unfair manner when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

26.     Defendant acted in a false, deceptive, misleading and unfair manner when it communicated with Plaintiff on at least 17 occasions by automated prerecorded telephone calls.

27.     Defendant knew or should have known that its actions violated the FDCPA, FCEUA, the UTPCPL and the TCPA.  Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, the FCEUA, the UTPCPL and the TCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

28.      At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

29.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

30.     As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, out-of-pocket expenses, damage to Plaintiff's credit, physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V.  <u>FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA</u>

31.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth

at length herein.

32.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

33.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

34.     The above contacts by Defendant and disputes by Plaintiff are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

35.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(3), 1692c(b), 1692d, 1692e(2)(A), 1692e(10), and 1692f  as evidenced by the following conduct:

      (a)     Communicating with Plaintiff, a non-debtor on more than one occasion;

      (b)     Communicating with Plaintiff, a non-debtor for information other than location information;

      (c)     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

      (d)     Misrepresenting the character, amount or legal status of a debt; and

      (e)     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

36.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

37.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b)     That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c)     That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(d)     That the Court grant such other and further relief as may be just and proper.

## VI.     SECOND CLAIM FOR RELIEF- VIOLATING THE FCEUA AND UTPCPL

38.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39.     Defendant is a "debt collector" as defined by 73 P.S. § 2271.3 of the FCEUA.

40.     Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

41.     The above contacts by Defendant are "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

42.     Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA.  Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

(a)     Communicating with Plaintiff, a non-debtor on more than one occasion;

7

(b)   Communicating with Plaintiff, a non-debtor for information other than location information;

(c)   Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(d)   Misrepresenting the character, amount or legal status of a debt; and

(e)   Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

43.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

44.   As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully pray that relief be granted as follows:

(a)   That judgment be entered against Defendant for actual damages pursuant to 73 P.S. § 201-9.2(a);

(b)   That judgment be entered against Defendant for statutory damages pursuant to 73 P.S. § 201-9.2(a);

(c)   That judgment be entered against Defendant for treble damages pursuant to 73 P.S. § 201-9.2(a);

(d)   That the court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

(e)   That the Court grant such other and further relief as may be just and proper.

8

## VII.   THIRD CLAIM FOR RELIEF- VIOLATION OF THE TCPA

45.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

46.     Defendant made over 17 automated telephone calls using a prerecorded voice to Plaintiff concerning a debt that Plaintiff does not owe.

47.     Defendant initiated these automated calls to Plaintiff using an automated telephone dialing system that had the capacity to store or produce telephone numbers using random or sequential number generation.

48.     Defendant violated the TCPA.  Defendant's violations include, but are not limited to, violations of 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. § 227(d)(1)(A) and 47 C.F.R.§ 64.1200 *et seq.* as evidenced by the following conduct:

(a)     initiating telephone calls to Plaintiff's residential telephone line using artificial or prerecorded voices to deliver messages without Plaintiff's consent; and

(b)     initiating telephone calls to Plaintiff using an automated telephone dialing system that was not in compliance with the technical and procedural standards prescribed by the TCPA.

49.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

50.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense legal justification or legal excuse.

51.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     An order directing that Defendant immediately cease and desist from calling Plaintiff using any automated telephone dialing system and any system that uses an automated prerecorded voice pursuant to 47 U.S.C. § 227(b)(3)(A);

(b)     That judgment be entered against Defendant for actual damages pursuant to 47 U.S.C. § 227(b)(3)(B);

(c)     That judgment be entered against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B);

(d)     That the Court award treble damages for Defendant's willful and knowing violations of the TCPA pursuant to 47 U.S.C. §227(b)(3); and

(e)     That the Court grant such other and further relief as may be just and proper.

## VIII.   FOURTH CLAIM FOR RELIEF-INVASION OF PRIVACY

52.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

53.     Defendant continuously and repeatedly contacting Plaintiff at Plaintiff's place of residence constitutes an invasion of privacy.

54.     As a result of Defendant's above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in his favor, plus lawful interest thereon, attorney's fees and costs of suit.

## IX.     FIFTH CLAIM FOR RELIEF-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

55.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

56.     As a result of Defendant's reckless and intentional conduct, Plaintiff sustained physical injury as well as mental distress as more fully outlined above.

57.     Due to the reckless and intentional conduct of the Defendant, it was foreseeable that Plaintiff would suffer severe emotional distress, harm to his physical and psychological well-being and physical harm to the present day, as fully outlined above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in his favor, plus lawful interest thereon, attorney's fees and costs of suit.

## X.   JURY TRIAL DEMAND

58.    Plaintiff demands trial by jury on all issues so triable.


                                      RESPECTFULLY SUBMITTED,

                                      FRANCIS & MAILMAN, P.C.


                              BY:  _ /s/ Mark D. Mailman_____
                                      MARK D. MAILMAN, ESQUIRE
                                      JOHN SOUMILAS, ESQUIRE
                                      GEOFFREY H. BASKERVILLE, ESQ
                                      Land Title Building, 19th Floor
                                      100 South Broad Street
                                      Philadelphia, PA 19110
                                      (215) 735-8600

                                      Attorneys for the Plaintiff

DATE:  April 16, 2009